# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LAWRENCE LANDRUM,

        Petitioner,    :    Case No. 2:12-cv-859

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 Chillicothe Correctional Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

      This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss (ECF No. 15).  Landrum opposes the Motion (ECF No. 16) and the Warden has filed a Reply in Support (ECF No. 18).

      The Magistrate Judge reads the Motion as made under Fed. R. Civ. P. 12(b)(6) because the Warden asserts the Petition does not state a claim for relief cognizable in habeas corpus.  The Motion is thus "dispositive" within the meaning of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, requiring a report of proposed findings and recommendations for decision from an assigned Magistrate Judge.

      Landrum pleads the following Grounds for Relief

> **Ground One:** Landrum's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Ground Two**: Landrum's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law [sic].

(Petition, ECF No. 4, PageID 43, 45.)

**Cognizability**

Landrum's Petition asserts that his method-of-execution claims are cognizable in habeas corpus. He acknowledges that he is a plaintiff in *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, a consolidated case brought by death row inmates under 42 U.S.C. § 1983 to challenge Ohio's method of execution by lethal injection. Landrum asserts the claims raised in that case

> differ[ ] from Landrum's habeas claims because, among other reasons, his lethal injection habeas claims challenge the validity of his death sentence itself. Landrum's habeas claims, if granted, will necessarily result in his death sentence['s] being set aside. *See Adams v. Bradshaw*, 644 F. 3d 481, 483 (6th Cir. 2011). As a result, habeas corpus is an appropriate vehicle for his claims, as the Sixth Circuit Court of Appeals has recognized. *Id.; see also Hill v. McDonough*, 547 U.S. 573 (2006); *Nelson v. Campbell,* 541 U.S. 637 (2004).

(Petition, ECF No. 4, PageID 51-52.)

The instant Motion directly challenges this assertion of habeas cognizability for method-of-execution claims on the basis of the Supreme Court's decision in *Glossip v. Gross,* ___ U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (June 29, 2015). In *Glossip* Oklahoma death row

2

inmates brought a § 1983 action seeking to enjoin the use of midazolam (specified at 500 mg.) as the first drug to be administered in a three-drug lethal injection protocol. As the Supreme Court explains, Oklahoma had previously used the three-drug protocol (sodium thiopental, a paralytic agent, and potassium chloride) found constitutional by a plurality of the Court in *Baze v. Rees*, 553 U.S. 35 (2008). Because sodium thiopental and a substitute, pentobarbital, have become unavailable, Oklahoma substituted midazolam. *Glossip* was brought under 42 U.S.C. § 1983 and sought injunctive relief prohibiting the use of a 500 mg. dose of midazolam in conjunction with the other two drugs. The Supreme Court affirmed the lower courts' denial of a preliminary injunction on two bases:

> For two independent reasons, we also affirm. First, the prisoners failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of-execution claims. See *Baze* v. *Rees*, 553 U. S. 35, 61, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008) (plurality opinion). Second, the District Court did not commit clear error when it found that the prisoners failed to establish that Oklahoma's use of a massive dose of midazolam in its execution protocol entails a substantial risk of severe pain.

135 S. Ct. at 2731.

In the course of reaching these conclusions, the Court made this interpretation of *Hill, supra*:

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.*, at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id.*, at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

*Id.* at 2738.

3

In *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), the circuit court was faced with Ohio's claim, relying on *Hill*, that the district court lacked jurisdiction in habeas corpus over a lethal injection claim. The court held:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, *see Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, *see Terrell v. United States*, 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. *See* 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid. Further, *Nelson*'s statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

*Id*. at 483. Relying on that language from *Adams*, this Court has consistently held it has jurisdiction in habeas over method-of-execution claims. *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, * 3-8 (S.D. Ohio 2012); *Waddy v. Coyle*, 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethal v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Hudson*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2014).

In the Motion *sub judice*, the Warden argues he has won in *Glossip* what he lost in *Adams*. "It is beyond reasonable dispute that the Sixth Circuit's reasoning and holding in *Adams* cannot be reconciled with *Glossip*." (ECF No. 15, PageID 212, relying on the language from

*Glossip* about *Hill* quoted above.)

The Warden argues *Adams* is also irreconcilable with *Glossip* because "*Glossip* holds categorically that the identification of a known and available alternative method of execution that entails a lesser risk of pain is a substantive requirement of all Eighth Amendment method-of-execution claims." (ECF No. 15, PageID 213, citing *Glossip,* 135 S. Ct. at 2739.)

In opposing the Motion to Dismiss, Landrum acknowledges his Petition is based on a lethal injection protocol which has been superseded by a new protocol adopted the same day that *Glossip* was decided and indicates he will move to amend to reference the new protocol once this Motion has been decided (Response, ECF No. 16, PageID 218).

Landrum attempts to avoid the impact of *Glossip* in several classic ways. *Glossip*'s reading of *Hill* is said to be dictum. (Response, ECF No. 16, PageID 219.) The Warden is said to have taken "a single sentence in *Glossip* . . .out of context" and to have "misinterpret[ed] what the majority actually said in that one sentence." *Id.* at PageID 220. Eventually, in a footnote, Landrum concedes some impact of *Glossip* on this case:

> Nevertheless, the language from *Glossip* demonstrates that Landrum may have been using imprecise terminology. Landrum has used the terms "method of execution claim" and "lethal injection habeas claim" interchangeably. Under *Glossip* it appears that "method-of-execution" claims refer to § 1983 challenges. Landrum shall henceforth refer to challenges as lethal injection habeas claims.

*Id.* at PageID 222, n. 3. But the same imprecision of language in Landrum's prior usage is also to be found in *Adams* where the court held that some method-of-execution claims which can be brought in 1983 can also be brought in habeas. *Glossip* at the very least renders that statement of the law inexact. Under *Glossip's* reading of *Hill*, a method-of-execution claim must be brought under § 1983 if, but only if, (1) success on the claim would not invalidate the death sentence and

5

(2) the prisoner can "identify a known and available alternative method of execution that entails a lesser risk of pain."

Landrum fervently asserts his claims in this case are cognizable in habeas because he (1) "has alleged claims that, if successful, would necessarily bar Ohio from carrying out his execution," and (2) he does not concede that the State can ever execute him by any alternative protocol or procedure that entails a lesser risk of pain (ECF No. 16, PageID 234, 237).

At a time when habeas corpus jurisdiction was much more liberal, before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), the Supreme Court held a district court could not grant release from confinement in a § 1983 action because to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). The AEDPA, of course, severely limited habeas jurisdiction, *inter alia*, by enacting a statute of limitations and the bar on second or successive petitions.[1] *Nelson* and *Hill* should be read as acknowledging emendations on the *Preiser* rule for conditions of execution claims of death row inmates. *Glossip* is consistent with those cases; it does not question the propriety of challenging a particular lethal injection protocol in a § 1983 action so long as the challenge would not invalidate the death sentence and the inmate proves an alternative.

Insofar as *Adams* reads *Hill* as permitting an inmate to bring the same lethal injection claim in both 1983 and habeas, it cannot survive *Glossip*.[2] Landrum must limit his habeas claims

---

[1] The Supreme Court itself has erected barriers to habeas relief since *Preiser*. *Wainwright v. Sykes*, 433 U.S. 72 (1977), held a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).

[2] The Magistrate Judge acknowledges that this involves reading dictum in a Supreme Court opinion as excluding at least one plausible reading of a published and binding Sixth Circuit decision. In a hierarchical system of courts such as ours, it is the duty of a lower court judge to follow clear dictum of the Supreme Court even when it conflicts with a plausible, albeit expansive, reading of a circuit court precedent. If I have misconceived my duty in this regard, the parties have several layers of appellate review available.

to those which would invalidate his death sentence.

Landrum's claims as presently pled do not do that. In ¶ 1 of the Petition, he complains of "Ohio's current lethal injection protocol." (Petition, ECF No. 4, PageID 43.) In ¶ 2, he complains that there is a "substantial likelihood of Ohio's maladministration of [its current] execution protocol, including through deviations and/or variations from the written protocol's mandates." *Id.* at PageID 43-44. In ¶ 3 he complains of the inclusion of certain drugs in the then-extant execution protocol. *Id.* at PageID 44. In ¶ 4 he complains of the risk he suffers from Ohio's administration of its execution protocol. *Id.* In ¶ 10 he complains that Ohio's implementation of its lethal injection protocol will violate his Equal Protection rights. All of these claims, as presently pled, speak to the conditions of execution of sentence, not to the death sentence itself. While Landrum concludes each of his Grounds for Relief with the statement that his "death sentence is constitutionally invalid," (*Id.* at ¶¶ 8, 18), the conclusions do not follow from the premises. To state a habeas corpus lethal injection claim in light of *Glossip*, Landrum must plead that no way of carrying out his execution by lethal injection can ever be constitutional.

**Second or Successive Petition**

The pendency of the Motion to Dismiss raises a question for the Court that is not addressed by the parties. This is Landrum's second-in-time habeas petition attacking the same state court judgment. This Court's judgment on his first Petition in Case No. 1:06-cv-641 is presently on appeal to the Sixth Circuit after remand (6th Cir. Case No. 14-3591).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

Stat. 1214)(the "AEDPA") amended 28 U.S.C. § 2244(b) to read in pertinent part as follows:

> (b)
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)
>>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>>
>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)
>> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Landrum argues in the Petition that this is not a "second or successive application" within the meaning of 28 U.S.C. § 2244(b) because it pleads claims which had not yet arisen when he first filed (Petition, ECF No. 4, PageID 48-51, citing *Panetti v. Quarterman,* 551 U.S. 930 (2007); *In re Jones,* 652 F.3d 603, 605 (6th Cir. 2010); and *In re Brock,* 2010 U.S. App. LEXIS 27235 (6th Cir. 2010)).

His new claims, he says, arise from Ohio's adoption of a new lethal injection protocol on

8

September 18, 2011, which he says did not exist at the time his initial Petition was filed on June 20, 2000 (Petition, Doc. No. 4, PageID 50).  He asserts that "[t]he Sixth Circuit explicitly adopted habeas principles to hold that a § 1983 challenge to Ohio's method of execution became ripe upon the latter of conclusion of direct review of an inmate's death sentence or when the state adopts a new or revised execution policy."  *Id.* , citing *Cooey v. Strickland*, 479 F.3d 412, 418-19 (6th Cir. 2007) and *Cooey (Beuke) v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010).

*Cooey v. Strickland* was not addressing a second or successive question, but the statute of limitations on § 1983 method-of-execution claims.  Relying on *Hill v. McDonough*, 547 U.S. 573 (2006), the Sixth Circuit held Cooey's claims were properly brought under § 1983 rather than in habeas because, like the plaintiff in *Hill*, Cooey limited his challenge to "the specific protocol currently used by" the State.  479 F.3d at 415.  The court noted that "[l]ethal injection became available as a means of execution in Ohio in 1993. In 2001, it became Ohio's sole method of execution."  479 F. 3d at 416[3].  The critical question in *Cooey* was when the § 1983 two-year statute of limitations began to run.  The court found that it accrued not later than the date in 2001 when lethal injection became the exclusive execution method in Ohio.  It expressly declined to hold that it accrued when changes were made to the protocol because "none of these changes relates to Cooey's core complaints." 479 F.3d at 424.  *Cooey* does not support Landrum's claim that this is not a second or successive habeas petition.

In *Cooey (Beuke),* the Sixth Circuit noted adoption of a new protocol by Ohio and observed "[g]iven the change of policy, the statute of limitations to challenge the new procedure

---

[3] In 1993, a bill was passed into law granting prisoners the option to choose between death by electrocution or lethal injection, with electrocution as the "default" method. *See* Ohio Rev. Code § 2949.22(A)-(B) (2000). *HN7* In 2001, Ohio made lethal injection the sole method of execution. *See* Ohio Rev. Code § 2949.22(A) (amending Ohio Rev. Code Ann. § 2949.22(A) (West 2000)).

began to run anew." 604 F.3d at 939. This again is a ruling on a § 1983 statute of limitations question, and not on a second or successive question.

From his citation of these two § 1983 decisions, Landrum concludes "If habeas principles were used to establish the accrual point of claims challenging Ohio's method of execution via § 1983, the same principles logically apply to determine whether Landrum's instant habeas claims were ripe at the time he filed his original habeas petition." (ECF No. 4, PageID 50).

The Warden did not challenge Landrum's assertion that this was not a second or successive petition by way of a motion to transfer, but raised it as a defense in the Return of Writ (ECF No. 6, PageID 67-70). In his Reply, Landrum noted that this Court had concluded that a similar second-in-time habeas corpus petition was not second or successive (Reply, ECF No. 8, PageID 123, citing *Sheppard v. Bagley*, 2012 U.S. Dist. LEXIS 91777, *12 (S.D. Ohio July 3, 2012), adopted 2013 U.S. Dist. LEXIS 5560, *20-*21 (S.D. Ohio Jan, 14, 2013)(Frost, D.J.)).

A district court does not have jurisdiction over a second or successive petition without prior permission from the court of appeals. *Burton v. Stewart*, 549 U.S. 147 (2007). However, the district court must itself decide the second or successive question in the first instance. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012). This Court held in *Sheppard* that habeas petitions raising method-of-execution claims directed at Ohio's lethal injection protocol arise when Ohio adopts a new protocol.

It is doubtful that rationale remains viable in light of *Glossip, supra*. The case draws a distinction between constitutional claims which, if successful, will invalidate a state court death sentence and constitutional claims which attack the method by which the execution will be

carried out. It allows the first class of claims to be brought in habeas, but requires the latter class to be brought under 42 U.S.C. § 1983. Given that deepening of the distinction between habeas and 1983, it is difficult to see how a death row petitioner has a newly-arising habeas claim whenever the lethal injection protocol is amended and therefore not second or successive.

Because this question is jurisdictional under *Burton*, the Court is obliged to raise it *sua sponte*. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

**Conclusion**

It is therefore respectfully recommended that the Petition be dismissed without prejudice for failure to plead a claim cognizable in habeas corpus with sufficient clarity to distinguish it from the claims Landrum has made in *In re Ohio Lethal Injection Protocol Litig.* Landrum is granted leave to move to file an amended petition not later than September 15, 2015.

Should Landrum move to amend, he must restate his position on why this would not be a second or successive petition. This Court has previously allowed new lethal injection habeas petitions to avoid the second or successive bar on the basis that they were raising new claims which could not previously have been pled, based on the adoption of new lethal injection protocols by the State. But the Court questions whether that rationale can support a habeas claim that any lethal injection execution would be unconstitutional since lethal injection has been an available method of execution in Ohio since before Landrum filed his initial Petition and became

the exclusive method while his Petition was pending.

September 2, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).