# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LAWRENCE LANDRUM,

        Petitioner,     :     Case No. 2:12-cv-859

  - vs -                          District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 Chillicothe  Correctional Institution,

                                        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS;
## TRANSFER ORDER

This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 19, reported at *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 2, 2015)).  The Report recommended that the Warden's Motion to Dismiss  (ECF No. 15) be granted and the Petition be dismissed without prejudice.  District Judge Rose has recommitted the Report for reconsideration in light of the Objections (ECF No. 23).

Briefly, the Warden sought dismissal, claiming this Court's allowance of method-of-execution claims in habeas corpus was inconsistent with *Glossip v. Gross*, 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015).  The Report agreed that the Petition as pled was not viable in light of *Glossip*, but did not rule out the possibility that Landrum might be able to re-plead his claims in a way that satisfies the distinction between lethal injection claims which must be brought in habeas and those which must be brought under 42 U.S.C. § 1983.  Therefore the

1

Report recommended dismissal without prejudice, but granted Landrum leave to move to amend to restate his claims not later than September 15, 2015 (Report, ECF No. 19, PageID 261). Although that date was extended to October 21, 2015, on Petitioner's Motion (ECF No. 20), Landrum did not file a motion to amend and has apparently elected to stand on the sufficiency of his original Petition (ECF No. 4).

In the Petition, Landrum pleads two grounds for relief:

> **Ground One:** Landrum's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Ground Two**: Landrum's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law [sic].

(Petition, ECF No. 4, PageID 43, 45.)

As the Objections note,[1] the Magistrate Judge has in the past found claims such as these cognizable in habeas corpus on the basis of *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011). This Court has also rejected the Warden's claim in some capital habeas cases that *Adams* was effectively overruled by *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014), or *Frazier v. Jenkins*, 770 F.3d 485 (6th Cir. 2014). The Report concludes that this position requires revision in light of *Glossip.*

**Cognizability**

Landrum's first four objections deal with the cognizability question. In the first two

---

[1] See Objections, ECF No. 22, at PageID 270-71, citing *Gapen v. Bobby,* 2012 U.S. Dist. LEXIS 121036, *3-8 (S.D. Ohio 2012); *Waddy v. Coyle,* 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson,* 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethal* [sic] *v. Bobby,* 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden,* 2013 U.S. Dist. LEXIS 5560, *21- 22 (S.D. Ohio 2013); *Turner v. Hudson,* 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2014).

(ECF No. 22, PageID 270-75), while agreeing that lower courts are obliged to follow dicta in Supreme Court decisions, Landrum argues the Magistrate Judge has misinterpreted the dictum in *Glossip* and taken it out of context. *Id.* at PageID 273. Properly read, Landrum asserts, *Glossip* leaves the cognizability of lethal injection claims in habeas corpus exactly where it was before, essentially because *Glossip* was a § 1983 case.

The Magistrate Judge agrees that *Glossip* must be read in context, but believes Petitioner's counsel reads that context too narrowly. The relevant context is the intersection of § 1983 and habeas corpus.

In *Preiser v. Rodriquez*, 411 U.S. 475 (1973), the Supreme Court emphasized the differences between § 1983 and habeas corpus and held that habeas rather than § 1983 must be used when a prisoner is challenging "the fact or duration" of confinement, rather than the conditions of confinement. It found allowing that case – which challenged elimination of prison good time credit -- to proceed under § 1983 would undermine the policy of exhaustion of state court remedies embedded in habeas jurisprudence.

In *Nelson v. Campbell,* 541 U.S. 637 (2004), the Court applied *Preiser* to permit a § 1983 challenge to a proposed vein cut-down procedure allegedly needed for a lethal injection execution.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Petitioner's complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See *Preiser v. Rodriguez*, 411 U.S. 475, 489, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973). Such claims fall within the "core" of habeas corpus and are thus not cognizable

3

> when brought pursuant to § 1983. *Ibid*. By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See *Muhammad v. Close,* 540 U.S. 749, 750, 124 S. Ct. 1303, 1304, 158 L. Ed. 2d 32, (2004) (*per curiam*); *Preiser, supra*, at 498-499, 36 L. Ed. 2d 439, 93 S. Ct. 1827..
>
> We have not yet had occasion to consider whether civil rights suits seeking to enjoin the use of a particular method of execution--e.g., lethal injection or electrocution--fall within the core of federal habeas corpus or, rather, whether they are properly viewed as challenges to the conditions of a condemned inmate's death sentence.  Neither the "conditions" nor the "fact or duration" label is particularly apt. A suit seeking to enjoin a particular means of effectuating a sentence of death does not directly call into question the "fact" or "validity" of the sentence itself--by simply altering its method of execution, the State can go forward with the sentence. Cf. *Weaver v. Graham,* 450 U.S. 24, 32-33, n. 17, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981) (no *ex post facto* violation to change method of execution to more humane method).

541 U.S. at 643-44.  The Court then declined to reach "the difficult question of how to categorize method-of-execution claims generally."  *Id.*  at 644.  Rather, because Nelson contended that the cut-down procedure was unnecessary to achieve a lethal injection execution in his case and proposed an alternative, the claim could be brought under § 1983.  A slightly different case, the Court thought, might require habeas:

> If as a legal matter the cut-down were a statutorily mandated part of the lethal injection protocol, or if as a factual matter petitioner were unable or unwilling to concede acceptable alternatives for gaining venous access, respondents might have a stronger argument that success on the merits, coupled with injunctive relief, would call into question the death sentence itself.

 *Id.*  at 645.

Two terms later in *Hill v. McDonough,* 547 U.S. 573 (2006), the Supreme Court unanimously held that a challenge to a particular three-drug lethal injection protocol could be brought under § 1983, following *Nelson*.  The challenge did not have to be brought in habeas

4

because the injunctive relief "Hill seeks would not necessarily foreclose the state from implementing the lethal injection sentence under present law. . . ." *Id.* at 583, contrasting the holdings in *Heck v. Humphrey,* 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).

*Hill* and *Nelson* are consistent with one another and hold that a particular kind of constitutional claim related to the method of administering a lethal injection execution may be brought under § 1983. In *Adams v. Bradshaw*, 644 F. 3d 481 (6th Cir. 2011), relying on *Nelson* and *Hill*, Ohio claimed that method-of-execution claims, because they can be brought under § 1983, cannot be brought under § 2254. In a brief *per curiam* opinion, the Sixth Circuit rejected that conclusion:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States,* 564 F.3d 442, 446 n.8 (6th Cir. 2009).

*Id.* at 483.

*Adams* is logically correct: the fact that a claim may be brought under § 1983 does not ineluctably imply that it cannot be brought in habeas, unless the two categories are mutually exclusive.

In *Glossip v. Gross*, 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), a group of Oklahoma death row inmates challenged in a § 1983 action the use of midazolam (specified at 500 mg.) as the first drug to be administered in a three-drug lethal injection execution.

5

Petitioner correctly argues that *Glossip* does not overrule *Nelson* or *Hill*. It does come closer, however, to making mutually exclusive the categories of constitutional claims about lethal injection under § 1983 and § 2254. Justice Alito wrote for the majority:

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.*, at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id.*, at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

*Glossip*, 135 S. Ct. 2726, at 2738. The Court coupled this interpretation of *Hill* with a requirement, enunciated in *Baze v. Reese*, 553 U.S. 35 (2008), that a § 1983 Eighth Amendment method-of-execution claimant must "identify a known and available alternative method of execution that entails a lesser risk of pain." *Id.* at 2731, citing *Baze*.

In opposing the Motion to Dismiss, Landrum did concede that *Glossip* has some impact on lethal injection claims:

> Nevertheless, the language from *Glossip* demonstrates that Landrum may have been using imprecise terminology. Landrum has used the terms "method of execution claim" and "lethal injection habeas claim" interchangeably. Under *Glossip* it appears that "method-of-execution" claims refer to § 1983 challenges. Landrum shall henceforth refer to challenges as lethal injection habeas claims.

(Response, ECF No. 16. PageID 222, n. 3). However, *Glossip* requires more than precision in labeling. The Report concluded "[i]nsofar as *Adams* reads *Hill* as permitting an inmate to bring the same lethal injection claim in both 1983 and habeas, it cannot survive *Glossip*." (ECF No. 19, PageID 256). *Glossip* makes it clear that a § 1983 lethal injection claim under the Eighth Amendment must identify an available alternative means of execution. In that sense, it is a different claim from one that fails to identify an alternative and attacks the validity of the death

6

sentence altogether.  The latter sort of claim must be brought in habeas.

In his Petition in this case, Landrum does not identify an alternative method of lethal injection execution, so his two claims are not § 1983 method-of-execution claims in that sense. He also asserts they are properly habeas claims because, he says, "if successful, [they] would necessarily bar Ohio from carrying out his execution."  (Response, ECF No. 16, PageID 234.)

The impact of *Glossip* on this Court's analysis of *Adams* has recently been addressed in *Henderson v. Warden*, 2015 U.S. Dist. LEXIS 134120 (S.D. Ohio Sept. 30, 2015)(Frost, D.J.). *Henderson* rejects a classification of *Glossip's* gloss on *Hill* as "mere dictum," because "the sentence at issue . . .carries with it an important part of the majority's rationale for the result the majority reaches and is thus entitled to greater weight than a stray aside tagged onto a decision." *Id.* at *11, citing *Seminole Tribe of Florida v. Florida,*. 517 U.S. 44, 67 (1996).  Judge Frost also follows this Court's analysis that merely placing a habeas label on claims or asserting that their success will invalidate a death sentence does not satisfy *Glossip* when the distinction between method-of-execution claims which must be brought under § 1983 and proper habeas lethal injections claims is not maintained.  *Id.*  at * 12-13, citing *Turner v. Hudson*, No. 2:07-cv-595, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015).

Landrum has singularly failed to plead his claims in a way that connects his factual allegations with the claim of invalidity of the sentence.  Instead, he has pled the claims with factual particularity directed to Ohio's then-current lethal injection protocol.  As the Report noted:

> In ¶ 1 of the Petition, he complains of "Ohio's current lethal injection protocol." (Petition, ECF No. 4, PageID 43.) In ¶ 2, he complains that there is a "substantial likelihood of Ohio's maladministration of [its current] execution protocol, including through deviations and/or variations from the written protocol's mandates." *Id*. at PageID 43-44. In ¶ 3 he complains of the

7

>inclusion of certain drugs in the then-extant execution protocol. *Id*. at PageID 44. In ¶ 4 he complains of the risk he suffers from Ohio's administration of its execution protocol. *Id*. In ¶ 10 he complains that Ohio's implementation of its lethal injection protocol will violate his Equal Protection rights. All of these claims, as presently pled, speak to the conditions of execution of sentence, not to the death sentence itself. While Landrum concludes each of his Grounds for Relief with the statement that his "death sentence is constitutionally invalid," (*Id*. at ¶¶ 8, 18), the conclusions do not follow from the premises. To state a habeas corpus lethal injection claim in light of *Glossip*, Landrum must plead that no way of carrying out his execution by lethal injection can ever be constitutional.

(Report, ECF No. 19, PageID 257).

Based on that reading of the Petition, the Court offered Landrum a chance to re-plead to use the more precise labeling Landrum concedes is required by *Glossip*, but more importantly to tie up the factual premises of his constitutional claims with the conclusion that he cannot ever be constitutionally executed by lethal injection. Landrum declined that chance and allowed the time to move to re-plead to expire (despite two extensions) without ever attempting to tighten the pleading.

The opinion in *Adams* does not indicate what kind of constitutional claim Adams was seeking to bring in habeas, so that this Court cannot tell from the opinion whether it was a method-of-execution claim such as *Glossip* now requires be brought in § 1983 or whether it was an invalidity claim properly brought only in habeas. Because the *Adams* court did not describe the underlying claim, this Court has read *Adams* broadly and allowed lethal injection claims in habeas regardless of whether they could have been or indeed had already been made in § 1983 litigation. Landrum is a plaintiff in just such a case, *In Re Ohio Execution Protocol Litigation,* No. 2:11-cv-1016.

Neither the Supreme Court nor the Sixth Circuit has ever expressly allowed the same

8

claim to be made at the same time in both a § 1983 case and a habeas case. Indeed, it is difficult to see how it could do so in light of *Glossip*. If a § 1983 litigant identifies an alternative available method of execution, he is foreclosed from habeas relief; if he fails to do so, he is foreclosed from § 1983 relief.[2]

Nor have the appellate courts provided much guidance on how much detail must be pleaded in a § 2254 petition to satisfy the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). How plausible is a habeas claim that a death sentence is invalid when it attacks particular aspects of a particular lethal injection protocol, as Landrum's does, when all or most of those particulars may change before an execution is carried out? These are issues the Court had expected to adjudicate on a motion to amend, which Landrum has now declined to file.

**Second or Successive**

The Court need not decide at this point whether the Petition is sufficiently pled because the case must be transferred to the Sixth Circuit as a second or successive habeas petition.

In his Fifth Objection, Landrum complains that the Magistrate Judge *sua sponte* "raised the statute of limitations and successor petition defenses without providing Landrum any opportunity to address the defenses." (Objections, ECF No. 22, PageID 277.)

Landrum cites no any place in the Report where the Magistrate Judge raised the limitations defense because there is no such place. The only place the statute of limitations is even mentioned in the Report is a note about Congress' first adopting a limitations period in the

---

[2] That is not to say that the inclusion of a bare allegation contending the State can never constitutionally execute Petitioner, or simply omitting any reference to an alternative method of execution, can transform an essentially identical § 1983 method-of-execution claim into a habeas claim.

9

AEDPA, well after *Preiser* (Report, ECF No. 19, PageID 256.) Nowhere does the Report suggest this case is time-barred, whether such a defense would be viable, etc.

On the other hand, the Report does raise the second or successive question because federal courts have no jurisdiction to decide a second or successive petition and we are obliged to note absence of jurisdiction *sua sponte* (Report, ECF No. 19, PageID 261, citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014)).

Landrum objects that he was not given a fair opportunity to address the second or successive question before this Court's deciding it (Objections, ECF No. 22, PageID 278). That objection misreads the Report which invited Landrum to litigate that issue by "restat[ing] his position on why this would not be a second or successive petition" in any motion to amend (Report, ECF No. 19, PageID 261). Of course, Landrum has elected not to move to amend. Moreover, Landrum could readily have responded substantively to the Magistrate Judge's preliminary second or successive analysis in the Objections. Instead, he seeks a remand "with instructions to permit the parties to address" the issue (ECF No. 22, PageID 278). Landrum has "deliberately bypassed" two opportunities to address this issue, so the Magistrate Judge proceeds to address it in the absence of any analysis that Landrum could have offered.

Landrum already argued in the Petition that this is not a "second or successive application" within the meaning of 28 U.S.C. § 2244(b) because it pleads claims which had not yet arisen when he first filed (Petition, ECF No. 4, PageID 48-51, citing *Panetti v. Quarterman,* 551 U.S. 930 (2007); *In re Jones,* 652 F.3d 603, 605 (6th Cir. 2010); and *In re Brock,* 2010 U.S. App. LEXIS 27235 (6th Cir. 2010)).

His new claims, he says, arise from Ohio's adoption of a new lethal injection protocol on September 18, 2011, which he says did not exist at the time his initial Petition was filed on June 20, 2000 (Petition, Doc. No. 4, PageID 50). He asserts that "[t]he Sixth Circuit explicitly adopted habeas principles to hold that a § 1983 challenge to Ohio's method of execution became ripe upon the latter of conclusion of direct review of an inmate's death sentence or when the state adopts a new or revised execution policy." *Id.*, citing C*ooey v. Strickland,* 479 F.3d 412, 418-19 (6th Cir. 2007) and *Cooey (Beuke) v. Strickland,* 604 F.3d 939, 942 (6th Cir. 2010). Relying on these two cases, Landrum argued, "If habeas principles were used to establish the accrual point of claims challenging Ohio's method of execution via § 1983, the same principles logically apply to determine whether Landrum's instant habeas claims were ripe at the time he filed his original habeas petition." (ECF No. 4, PageID 50). In his Reply, Landrum noted this Court had concluded that a similar second-in-time habeas corpus petition was not second or successive (Reply, ECF No. 8, PageID 123, citing *Sheppard v. Bagley*, 2012 U.S. Dist. LEXIS 91777, *12 (S.D. Ohio July 3, 2012), adopted 2013 U.S. Dist. LEXIS 5560, *20-*21 (S.D. Ohio Jan, 14, 2013)(Frost, D.J.)).

That rationale is no longer viable in light of *Glossip*. Habeas claims must attack the validity of the judgment itself and thus accrue when the death sentence is imposed, not when the State adopts a new lethal injection protocol. Challenges directed to the particulars of a method of execution must, under *Glossip*, be brought in § 1983 litigation. Landrum insists that his claims in the Petition here do attack the validity of his sentence, but that logic is completely at odds with the assertion his claims arose when the most recent protocol was adopted.[3]

There is no doubt the instant Petition is Landrum's second-in-time. His prior Petition in

---

[3] Landrum's Petition references the lethal injection protocol adopted September 18, 2011 (Petition, ECF No. 4, PageID 50). That protocol was superseded by a new protocol adopted the same day at *Glossip* was decided.

11

Case No. 1:06-cv-641 is presently pending on appeal to the Sixth Circuit after remand (6th Cir. Case No. 14-3591). Landrum does not claim to come within either of the two statutory exceptions in § 2244(b)(2). As noted above, he claims, unpersuasively, to come within the uncodified exception recognized in, *inter alia, Panetti v. Quarterman*, 551 U.S. 930 (2007).

Because Landrum's Petition is second or successive within the meaning of 28 U.S.C. § 2244(b)(2), it is hereby ordered TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for a determination under § 2244(b)(3) whether it may proceed in this Court.

**Conclusion**

The recommendation in the Report that the Petition be dismissed without prejudice is WITHDRAWN. It is respectfully recommended that no decision be rendered on the cognizability issue pending a decision by the Sixth Circuit on whether this case may proceed. Transfer to the Sixth Circuit is STAYED until Judge Rose has decided any objections which may be filed to this Report and Order or until the time for such objections has expired, whichever is later.

October 28, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).