IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

LAWRENCE LANDRUM,

        Petitioner,      :    Case No. 2:12-cv-859

- vs -                            District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 Chillicothe  Correctional Institution,

                                    :

        Respondent.

## SUPPLEMENTAL OPINION ON RECOMMITTAL

More than thirty years ago, on September 19, 1985, Lawrence Landrum and Grant Swackhammer murdered Harold White, Sr., during a burglary of White's apartment. *Landrum v. Mitchell,* 625 F.3d 905, 909-912 (6th Cir. 2010), *quoting State v. Landrum*, 53 Ohio St. 3d 107 (1990).  On Landrum's first habeas petition, this Court granted relief but the Sixth Circuit reversed.  *Landrum v. Anderson*, 2005 U.S. Dist. LEXIS 41846 (S.D. Ohio 2005), adopted by *Landrum v. Anderson*, 2006 U.S. Dist. LEXIS 27510 (S.D. 2006), reversed in part by *Landrum v. Mitchell*, 625 F.3d 905 (6th Cir. 2010). After litigation on remand, Landrum's first petition is now back before the Sixth Circuit in its Case No. 14-3591.

While Landrum's first case was pending before this Court on remand, his counsel[1] filed this second habeas corpus case on October 3, 2012 (ECF No. 4).

---

[1] In both cases Landrum is represented by Gerald Simmons of the Thompson Hine firm and Assistant State Public Defender Randall Porter.

1

**First Post-*Glossip* Analysis**

Following the Supreme Court's late June decision in *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), Respondent filed a Motion to Dismiss (ECF No. 15) predicated on *Glossip's* explanation of the Supreme Court's decision in *Hill v. McDonough*, 547 U. S. 573 (2006), the effect of *Glossip* on the Sixth Circuit's decision in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), and this Court's broad reading of *Adams* in a number of capital cases.

The Magistrate Judge analyzed *Glossip's* impact in a Report and Recommendations filed September 2, 2015 (ECF No. 19) which concluded Landrum's claims in this case were not pled with sufficient clarity to distinguish them from the claims he makes in the parallel § 1983 case, *In re Ohio Lethal Injection Protocol*, Case No. 2:11-cv-1016. The Magistrate Judge recommended the original Petition be dismissed without prejudice, but granted Landrum leave to move to amend by September 15, 2015 (ECF No. 19, PageID 261).

The same Report discussed an issue not raised by the parties, to wit, whether the Petition was a second-or-successive petition on which Landrum would need circuit court permission to proceed. The Magistrate Judge raised the issue *sua sponte* because it is jurisdictional under *Burton v. Stewart*, 549 U.S. 147 (2007). The Report concluded by requiring Landrum to address this issue if he moved to amend (ECF No. 19, PageID 262).

**Landrum's Counsel's Responses**

Landrum's counsel sought a thirty-day extension to move to amend and a separate thirty-day extension to file objections (ECF Nos. 20, 21).  This would have resulted in disconnecting the objections from the motion to amend by creating different due dates.  The Magistrate Judge therefore granted the longer extension to October 21, 2015, for both filings, but found the motion for the shorter extension moot.

Instead of filing a motion to amend and objections together, counsel filed the Objections on October 21, 2015 (ECF No. 22), but did not file a Motion to Amend until December 7, 2015 (ECF No. 31).  Judge Rose recommitted the case in light of the Objections (ECF No. 23).

**Second Post-*Glossip* Analysis**

On recommittal, the Magistrate Judge noted that no motion to amend had been filed by the date set (October 21, 2015) and concluded "Landrum . . . has apparently elected to stand on the sufficiency of his original Petition."  (Supplemental Report, ECF No. 24, PageID 284.)  The Supplemental Report again analyzed the impact of *Glossip* in light of the Objections, but withdrew the recommendation to dismiss the Petition without prejudice in light of its conclusion that the Petition was second or successive and was required to be transferred to the Sixth Circuit for a determination on whether Landrum could proceed. *Id.* at PageID 294.

**Landrum's Counsel's Pending Objections**

Landrum's counsel next responded with the Objections that are now pending before the Court (ECF No. 27). Judge Rose has recommitted the case (ECF No. 28) and the Warden has responded to the Objections (ECF No. 29).

Counsel first objects to being taken to task for not moving to amend (Objections, ECF No. 27, PageID 304-05). They say they were of two minds about whether to object or move to amend and sought separate extensions of time because the Clerk told them the motions had to be separate. *Id.* at PageID 304, n. 1. They somehow interpreted the notation order finding moot the extension on moving to amend as a denial. If it were a denial, how do counsel infer from that permission to file for leave to amend on December 7, 2015? In other words, how does a denial become a grant of a six-week extension?

Counsel's Fifth Objection is to the Magistrate Judge's conclusion that his original Petition does not state claims cognizable in habeas corpus (ECF No. 27, PageID 307). That objection is premature since the Report and Recommendations reaching that conclusion has been withdrawn (ECF No. 24, PageID 294).

Counsel's Sixth Objection is that "[o]n remand, the Magistrate Judge did not grant Landrum an opportunity to address the successor/jurisdictional issue." (ECF No. 27, PageID 308.) The issue was addressed at length in the original Report (ECF No. 19, PageID 257-61). Instead of responding to the substance of that analysis, Landrum's counsel objected "[t]he Magistrate Judge erred when he *sua sponte* raised the statute of limitations and successor petition defenses without providing Landrum any opportunity to address the defenses." (ECF No. 22, PageID 277.) In the Supplemental Report, the Magistrate Judge pointed out that he had never

raised any statute of limitations defense and that he had expected Landrum's counsel to raise whatever substantive objections they had in their Objections to the Report (ECF No. 24, PageID 291-94).  The question whether the Magistrate Judge should have created, without request, some separate additional opportunity for briefing this issue is rendered moot by counsel's having argued the merits as their Seventh Objection (ECF No. 27, PageID 309).

The position taken on the merits in the Seventh Objection adds nothing to prior arguments on this point and is unpersuasive for reasons already given.

**Conclusion**

On October 28, 2015, the Magistrate Judge ordered this case transferred to the Sixth Circuit for a determination of whether it could proceed despite being a second or successive petition.[2]  The transfer was stayed pending Judge Rose's decision on any objections.  That stay is continued pending any review of this Supplemental Opinion.

Neither party has objected to the recommendation that consideration of cognizability be delayed pending Sixth Circuit action on the second or successive question.  Landrum merely incorporates his prior Objections on cognizability (ECF No. 27, PageID 306) and the Warden restates his own arguments on that point (Response, ECF No. 29, PageID PageID 316-17).  That is, both parties have restated their substantive positions on cognizability, but neither objects to

---

[2] Landrum's counsel read the October 28th filing as including a recommendation that the case be transferred.  As its caption displays, it instead includes an order for transfer.

5

postponing a decision on that question, which is what the Supplemental Report recommends.

December 16, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).